NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 12-1612
_____


ALONZO J. TAYLOR
                    *Appellant*
        v.

AMCOR FLEXIBLES, INC.


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-07-cv-03477)
District Judge:  Honorable Noel L. Hillman


_____


Submitted Under Third Circuit LAR 34.1(a)
December 18, 2012

Before: MCKEE, Chief Judge, SLOVITER, and VANASKIE, Circuit Judges

(Filed December 20, 2012)


_____


OPINION
_____

SLOVITER, Circuit Judge.

Alonzo J. Taylor appeals the District Court's grant of summary judgment on his

employment discrimination and retaliation claims against his former employer, Amcor

Flexibles, Inc. ("Amcor").  For the reasons that follow, we will affirm.[1]

I.

Amcor hired Taylor as a sales representative in 2005.  Taylor was fired roughly

one year later, according to Amcor for poor performance.  Following his termination,

Taylor filed race discrimination charges against Amcor with the New Jersey Division of

Civil Rights and the Equal Employment Opportunity Commission ("EEOC").  Refuting

Amcor's claim of poor performance, Taylor asserted that his sales figures showed

significant growth and that Amcor terminated his employment because he was their sole

African American sales representative.

According to Taylor, after he filed the charges, an Amcor employee called

Taylor's wife and yelled, "Nigger, you filed a complaint against us."  App. at 71.  Taylor

did not personally hear this phone call but supports this claim with a photograph of his

caller-id displaying the number of an Amcor subsidiary office.  Later, in response to a

prospective employer's prior employment verification request, an Amcor representative

---

[1]     The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we
have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's grant of
summary judgment *de novo*.  *See Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212,
216 (3d Cir. 2010).

wrote that Taylor was ineligible for rehire because he had been "released for performance." App. at 289.

Taylor filed a complaint against Amcor in the District of New Jersey alleging three causes of action under state and federal law: racial discrimination, retaliation, and defamation. The District Court initially granted summary judgment to Amcor on the discrimination and defamation claims while allowing the retaliation claim premised on the alleged phone call to Taylor's wife to proceed to trial. When Taylor did not list his wife as a trial witness, the District Court granted Amcor's renewed motion for summary judgment on the remaining retaliation claim. Taylor now appeals from the dismissal of the discrimination and retaliation claims.

## II.

Amcor urges us to dismiss this appeal for inadequate briefing under Federal Rule of Appellate Procedure 28. Even though his brief contains only threadbare arguments, Taylor has sufficiently raised the issues on appeal to avoid this drastic remedy.[2] Thus, we will consider the merits of his claims.

---

[2]     Federal Rule of Appellate Procedure 28(a)(9)(A) requires that the appellant's argument section provide the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." "[A]bsent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations." *Simmons v. City of Phila.*, 947 F.2d 1042, 1065 (3d Cir. 1991). Even though Taylor did not provide the applicable legal standard to resolve either his discrimination or retaliation claims in his brief to this court, he does present some arguments challenging the District Court's decisions on both claims. We therefore decline to accept Amcor's suggestion that we dismiss this appeal pursuant to Rule 28 or that we impose sanctions against Taylor for bringing a frivolous appeal pursuant to Rule 38.

A plaintiff asserting a racial discrimination claim must first establish "a prima facie case." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This is accomplished by showing that the plaintiff: (1) "is a member of a protected class;" (2) "is qualified for the position;" (3) "was either not hired or fired from that position;" (4) "under circumstances that give rise to an inference of unlawful discrimination." *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999) (internal quotation marks omitted). The burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the termination. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the employer is able to articulate a legitimate reason for its action, then the presumption of discrimination falls and "the plaintiff then must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Jones*, 198 F.3d at 410.

In this case, Taylor can establish a prima facie case of discrimination. It is undisputed that Taylor is African American and was fired from his position when other similarly situated white employees were not. The record also shows that Taylor exceeded his sales quota during his employment. Despite Amcor's suggestion that Taylor fails to adequately support his argument that he was qualified for the position, Taylor's sales record alone is sufficient evidence of his qualifications, and thus he has established a prima facie case of discrimination. *See Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) ("The burden of establishing a prima facie case of disparate treatment is not onerous."). As the District Court held, however, Amcor presented sufficient evidence

4

to rebut this presumption by demonstrating that Taylor was notified of his shortcomings and given an opportunity to improve, was unable to achieve his sales goals, and could not effectively communicate with clients and other Amcor employees. Thus, the initial presumption of racial discrimination is removed.

In order to prevail, Taylor must then show that Amcor's stated reasons for firing him were pretextual, which a plaintiff may do in one of two ways. First, a plaintiff may use admissible evidence to demonstrate "that the employer's articulated reason was not merely wrong, but that it was so plainly wrong that it cannot have been the employer's real reason." *Jones*, 198 F.3d at 410 (internal quotation marks omitted). The second option is for a plaintiff to provide evidence showing "that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Fuentes v. Perskie*, 32 F.3d 759, 762 (3d Cir. 1994).

Taylor fails to show that Amcor's stated reasons for terminating him were merely pretextual. Taylor does not point to any admissible evidence that shows that his race was a motivating factor in his termination. Rather, Taylor argues that his sales figures demonstrate that he was a satisfactory salesman. Further, Taylor does not suggest that Amcor's reasons for his discharge were impermissible. Because Taylor is unable to establish that Amcor's disclosed reasons for his termination were a pretext for racial discrimination, we will affirm the District Court's grant of summary judgment on the discrimination claim.

On the retaliation claim, Taylor's only argument is that the District Court did not sufficiently explain its decision. This argument is without merit. The District Court

5

thoroughly explained its reasoning on the retaliation claim. *See* App. at 45–50. Had Taylor more thoroughly briefed the retaliation issue, his claim would nevertheless fail. A retaliation claim brought under state and federal law is also evaluated using the *McDonnell Douglas* burden shifting framework. To establish a prima facie case of retaliation the "plaintiff must show that: (1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 286 (3d Cir. 2001) (footnote omitted).

Taylor's retaliation claim cannot be sustained because he cannot show that Amcor took an adverse action against Taylor absent his wife's testimony. The District Court found that without her direct testimony the statements made by Taylor's wife were inadmissible hearsay; a finding that Taylor does not dispute. Taylor therefore has no evidence to demonstrate that Amcor made the alleged phone call in retaliation for Taylor having brought discrimination charges with the New Jersey Division of Civil Rights and the EEOC. Thus, we will affirm the District Court's grant of summary judgment to Amcor on the retaliation claim.[3]

---

[3] During this appeal, Amcor filed a motion for costs in creating a Supplemental Appendix. Amcor has failed to show that the Appendix prepared by Taylor was either inadequate or misleading. *See Deisler v. McCormack Aggregates, Co.*, 54 F.3d 1074, 1089 n.22 (3d Cir. 1995) (holding that a party violates Fed. R. App. P. 30(b)(2) when its appendix is inadequate and selectively edited to be misleading). Taylor's Appendix includes the opinions of the District Court and the most relevant deposition transcripts.

## III.

For the reasons above, we will affirm the judgments of the District Court.

_____

Though the Appendix does not include the deposition transcript of Taylor's wife or the trial transcript, those transcripts are available either on the docket or discernable in relevant part from the District Court opinions which are part of the Appendix. Therefore, we decline to impose costs on Taylor.

Amcor also filed a motion to strike portions of the Appendix prepared by Taylor. Because we conclude that the District Court acted appropriately in granting summary judgment to Amcor, we will deny the motion to strike as moot.